**FILED & ENTERED**

**APR 02 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY egarcia    DEPUTY CLERK**

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CENTERSTONE DIAMONDS, INC.,<br><br>　　　　　　　　　Debtor.<br><br>SAM S. LESLIE,<br>CHAPTER 7 TRUSTEE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL BEAUDRY, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:09-bk-23945-PC<br><br>Adversary No. 2:13-ap-02040-PC<br><br>Chapter 7<br><br>**MEMORANDUM DECISION**<br><br>Date:　March 6, 2014<br>Time:　9:00 a.m.<br>Place:　United States Bankruptcy Court<br>　　　　Courtroom # 1468<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012 |

　　　This matter comes before the court on a motion by Defendants, Michael Beaudry, et al., (collectively, the "Defendants") seeking a dismissal of Plaintiff's Complaint for: (1) Breach of Fiduciary Duty; (2) Fraud; (3) Interference with Contractual Relations; (4) Interference with Prospective Economic Advantage; (5) Unjust Enrichment; (6) Constructive Trust; (7) Avoidance of Unauthorized Postpetition Transfers; (8) Recovery and Preservation of Postpetition Transfers; (9) Substantive Consolidation; (10) Accounting; and (11) Attorneys' Fees ("Complaint")

pursuant to F.R.Civ.P. 12(b)(6).[1]  Sam S. Leslie, Chapter 7 Trustee ("Leslie") opposes the motion.  Appearances were stated on the record.  The court, having considered the pleadings and arguments of counsel, grants the motion, in part and denies the motion, in part, based on the following findings of fact and conclusions of law made pursuant to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and applied to adversary proceedings in bankruptcy cases.

I.  STATEMENT OF FACTS

On October 22, 2013, Leslie filed the Complaint in this adversary proceeding.  On March 21, 2013, Defendants filed their Notice of Motion and Motion to Dismiss Complaint ("Motion") seeking a dismissal of Leslie's Complaint without leave to amend.  Leslie filed his Opposition to Defendants' Motion to Dismiss Complaint ("Opposition") on February 13, 2014, and the Defendants replied to the Opposition on February 27, 2014.  After a hearing on March 6, 2014, the court took the matter under submission.[2]

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).  "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P.").  "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

[2] At the conclusion of oral argument, the court advised counsel for the parties of its intention to grant Defendants' motion and dismiss Leslie's Complaint with leave to amend as to all claims, except Leslie's Second Claim for Relief.  Is doing so, the court noted that Defendants in the Joint Status Report filed on  February 27, 2014, stated that "[d]epending on the outcome of Defendants' motion to Dismiss Plaintiff's complaint . . . , Defendants reserve the right to request (1) a jury trial and (2) referral of this case to the federal district court for trial." Joint Status Report, at 4.  The court observed that entry of an order dismissing one or more of Leslie's claims without leave to amend might implicate Stern v. Marshall because it would end the litigation on the merits with respect to such claims. Cf. Goodman v. H.I.G. Capital, LLC (In re Gulf Fleet Holdings, Inc.), 491 B.R. 747, 791 (Bankr. W.D. La. 2013) ("Courts have held that an order denying a motion to dismiss in part, and granting leave to re-plead is not a final order within the meaning of Stern v. Marshall.").  On March 13, 2014, Defendants resolved the issue by filing Defendants' Consent to Entry of Final Orders and Judgment by Bankruptcy Judge in this adversary proceeding. [Dkt. # 18].

Case 2:13-ap-02040-DS    Doc 20    Filed 04/02/14    Entered 04/02/14 15:28:51    Desc
Main Document    Page 3 of 14


## II. DISCUSSION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H) & (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

A. Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint for failure to state a claim upon which relief can be granted.[3] F.R.Civ.P. 12(b)(6). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] F.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

---

[3] Rule 12(b)(6) is applicable to adversary proceedings by virtue of FRBP 7012(b).

[4] Rule 8(a) is applicable to adversary proceedings by virtue of FRBP 7008(a).

3

In the bankruptcy context, <u>Twombly</u> means that a plaintiff can no longer simply recite the statutory language of the particular Code section under which a claim is brought and expect the complaint to give sufficient notice to a defendant of the plaintiff's claim for relief. To pass muster under <u>Twombly</u>, a plaintiff must state a plausible claim for relief by identifying the specific facts upon which the plaintiff relies to support a finding on each element of the plaintiff's claim. Only then will a defendant have sufficient notice of plaintiff's claim under Rule 8(a). <u>See, e.g.</u>, <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009) ("the non-conclusory 'factual content,' and reasonable inferences from that content . . . [must] plausibly [suggest] a claim entitling the plaintiff to relief."); <u>Limestone Dev. Corp. v. Vill. of Lemont, Ill.</u>, 520 F.3d 797, 802-03 (7th Cir. 2008) (stating that <u>Twombly</u> "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case").

B. <u>Leslie's Second Claim for Relief for Fraud is Dismissed Without Leave to Amend</u>

Defendants assert that Leslie's "Second Claim for Relief must be dismissed because it is expressly based on numerous statements Defendant Michael Beaudry made in declarations and other documents he filed with the Bankruptcy Court which are protected by California's absolute litigation privilege."[5] The court agrees.

Section 47(b)(2) of the California Civil Code provides that statements made in a judicial proceeding are privileged. Cal.Civ.Code § 47(b)(2) (hereinafter, the "litigation privilege"). For the litigation privilege to apply, the communication must be "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." <u>Silberg v. Anderson</u>, 50 Cal.3d 205, 212 (1990). "The principal purpose of [the litigation privilege] is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." <u>Id.</u> at 213 (internal citation omitted). Therefore, the litigation privilege is "held to be absolute in nature." <u>Id.</u> at 215. "[I]n

---

[5] Motion, at 13:8-12.

immunizing participants from liability for torts arising from communications made during judicial proceedings, the law places upon litigants the burden of exposing during trial the bias of witnesses and the falsity of evidence, thereby enhancing the finality of judgments . . . ." Id. at 214. "That the alleged facts might constitute a violation of the bankruptcy crime/fraud statute is irrelevant . . . ." Weber v. First Interstate Bank (In re Parker N. Am. Corp.), 50 F.3d 15, 1995 WL 118923 (9th Cir. 1995). While a strict application of the litigation privilege may not always serve the interests of justice, "the evils inherent in permitting derivative tort actions based on communications during the trial of a previous action are . . . far more destructive to the administration of justice than an occasional 'unfair' result." Silberg, 50 Cal.3d at 213.

In his Complaint, Leslie alleges that Michael Beaudry ("Beaudry"), as president of Centerstone Diamonds, Inc. ("Centerstone") and as president of Michael Beaudry, Inc. ("MBI"), made certain statements in a declaration under penalty of perjury and other documents filed with the court relating to the financial condition and business prospects of Centerstone and MBI, their ability to fund a proposed plan of reorganization, and their ability to perform all of the obligations imposed by the proposed plan of reorganization.[6]

"A bankruptcy proceeding is a judicial proceeding within the scope of California's litigation privilege." Nilsen v. Neilson (In re Cedar Funding, Inc.), 419 B.R. 807, 825 (9th Cir. BAP 2009). Beaudry made his statements while acting on behalf of the debtors in possession in the jointly administered bankruptcy cases of Centerstone and MBI. Beaudry's statements were logically related to the reorganization of Centerstone and MBI under their proposed joint plan, and bore directly on their postpetition financial condition, the sources of funding for their proposed plan of reorganization, and the amount of income projected to be received from those sources in the future to pay allowed claims under the plan. Beaudry's statements were made by him as a participant in the jointly administered bankruptcy cases and in the context of such cases. The statements were logically related to Centerstone's bankruptcy and MBI's bankruptcy, and played an integral role in each case. As such, Beaudry's statements are privileged under

---

[6] Complaint, 8:24 – 12:3.

5

1  Cal.Civ.Code § 42 and therefore, Leslie's Second Claim for Relief for fraud based on such
2  statements must be dismissed with prejudice.[7]

3  Defendants further assert that Leslie's "First Claim for Relief for Breach of Fiduciary
4  Duty, Third Claim for Intentional Interference with Contractual Relations, Fourth Claim for
5  Intentional Interference with Prospective Economic Advantage, Fifth Claim for Unjust
6  Enrichment, Sixth Claim for Constructive Trust, and Tenth Claim for Accounting should also be
7  dismissed because they incorporate by reference these protected statements and therefore
8  improperly arise in part from them."[8] The court disagrees.

9  California's litigation privilege "does not apply to <u>noncommunicative</u> conduct and does
10 not bar the <u>evidentiary</u> use of privileged communications in otherwise allowable actions."
11 <u>Doctors' Co. Ins. Servs. v. Superior Court</u>, 225 Cal.App.3d 1284, 1299 (Cal.Ct.App. 1990)
12 (emphasis in original). Hence, the litigation privilege does not require dismissal of any cause of
13 action that is not directly predicated on a protected communication.

14 In the court's view, the only cause of action in Leslie's Complaint directly predicated on
15 a protected communication is Leslie's Second Claim for Relief alleging fraud. Leslie essentially
16 concedes this point, arguing that "[e]xcept for the Trustee's Second Cause of Action for fraud,
17 none of the Trustee's claims require the Trustee to rely on any of these statements"[9] and that "all
18 but one of the Trustee's claims can be re-plead without reference to anything that might be
19 privileged or protected" under the litigation privilege.[10] Therefore, Defendant's Motion will be

---

[7] Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." F.R.Civ.P. 15(a)(2). If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 898 (9th Cir. 2002). Given the nature and purpose of the litigation privilege, the court concludes that the deficiency with respect to Leslie's Second Claim for Relief cannot be cured by amendment and that dismissal of such claim without leave to amend is appropriate.

[8] Motion, 13:12-19.

[9] Opposition, 4:9-10.

[10] <u>Id.</u> at 4:5-7.

granted dismissing Leslie's First Claim for Relief for Breach of Fiduciary Duty, Third Claim for Intentional Interference with Contractual Relations, Fourth Claim for Intentional Interference with Prospective Economic Advantage, Fifth Claim for Unjust Enrichment, Sixth Claim for Constructive Trust, and Tenth Claim for Accounting with leave to amend.

C. The Court Declines To Rule on Defendants' Anti-SLAPP Motion to Strike Leslie's First, Third, Fourth, Fifth, Sixth and Tenth Claims for Relief Pending Leslie's First Amended Complaint

Defendants assert that Leslie's First, Second, Third, Fourth, Fifth, Sixth and Tenth Claims for Relief "must also be dismissed under California's Anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16."[11]  Under California's Anti-SLAPP statute, a defendant may bring a motion to strike a complaint arising from any act by the defendant "in furtherance of the [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue . . . unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Code Proc. § 425.16(b)(1).  To prevail on an anti-SLAPP motion to strike, "a defendant must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. 2003) (citation omitted).  "[O]nce the defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'" Id. (citation omitted).  "If 'the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim,' the motion to strike must be denied." Id. (citation omitted).

In the Ninth Circuit, a defendant sued in federal court on the basis of diversity jurisdiction may bring an anti-SLAPP motion to strike state law claims and recover attorneys' fees and costs. See United States v. Lockheed Missiles & Space Co., 190 F.3d 963, 973 (9th Cir. 1999).  The Ninth Circuit has not decided whether the anti-SLAPP statute applies in cases involving federal question jurisdiction. See Restaino v. Bah (In re Bah), 321 B.R. 41, 46 (9th

---

[11] Motion, 15:14-15.

7

Cir. BAP 2005. However, the majority of lower courts addressing the issue hold that California's anti-SLAPP statute does not apply to federal question claims in federal court because such application would frustrate substantive federal rights. See, e.g., New Net, Inc. v. Lavasoft, 365 F.Supp.2d 1090, 1099-1100 (C.D. Cal. 2004) ("Defendant properly directs its anti-SLAPP motion only to the pendant state law claims set out in the Complaint."); Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F.Supp.2d 1127, 1130 (N.D. Cal. 1999) ("[U]nder the Erie analysis set forth in Lockheed the anti-SLAPP statute may be applied to state law claims which, as in this case, are asserted pendent to the federal question claims."); Bah, 321 B.R. at 46 ("Like the Globetrotter court, we do not believe that the anti-SLAPP statute may be applied to federal causes of action.").

Moreover, "[p]rocedural state laws are not used in federal court if to do so would result in a 'direct collision' with a Federal Rule of Civil Procedure" Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 845 (9th Cir. 2001). "When a state procedural rule conflicts with a Federal Rule of Civil Procedure, the Federal Rule generally controls." Rogers v. Home Shopping Network, Inc., 57 F.Supp.2d 973, 982 (C.D. Cal. 1999). Because Cal. Code Civ. Proc. § 425.16 must not be used in a manner that conflicts with the standard under Rule 12(b)(6), a "motion to strike based on alleged deficiencies in the plaintiff's complaint . . . must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." Id. at 983.

In this case, the court construes Defendants' motion under Rule 12(b)(6) as only alleging legal defects on the face of Leslie's Complaint. In their motion, Defendants argue that "the Trustee's entire case is premised on numerous statements Defendant Michael Beaudry made in declarations and other documents filed in the Bankruptcy Court" and "the Trustee cannot demonstrate a likelihood of success on any of these claims . . . ."[12] As previously stated, the court intends to dismiss Leslie's Second Claim for Relief without leave to amend and dismiss Leslie's remaining state law claims with leave to amend. At this juncture, the court believes that

---

[12] Motion, 19:2-22.

"granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment. See Verison Delaware, Inc. v. Covad Communications Co., 377 F.3d 1081, 1091 (9th Cir. 2004). "If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to the defendants." Id.

D. Leslie Has Standing to Assert his First Claim for Relief

Defendants' argue that "[t]he Trustee's First Claim for Relief for Breach of Fiduciary Duty . . . must also be dismissed because [it] fail[s] to allege any damages to the Debtors and appear[s] from the allegations of the Complaint to be improperly brought on behalf of the Court or creditors of the Debtors rather than on behalf of the Debtors."[13] However, the court agrees with Leslie that "the Trustee's claims are properly brought by him, for the benefit of the Debtors and their Estates."[14] See Ahcom, Ltd. v. Smeding, 623 F.3d 1248, 1252 (9th Cir. 2010) (citing examples of actions the trustee can assert, including fraudulent transfers and conversion/ diversion of corporate assets by corporate stockholder of debtor); see also In re AgriBioTech, Inc., 319 B.R. 207, 212 (D. Nev. 2004) ("Whether a bankruptcy trustee has standing to pursue a cause of action thus depends upon whether the cause of action belongs to the debtor's estate, either because it belonged to the debtor at the commencement of proceedings, or later became property of the estate under section 541(a)(7)."). The Complaint alleges that Beaudry, as president and sole shareholder of Centerstone and MBI, breached a fiduciary duty owed to each of the corporate debtors by improperly diverting corporate assets and taking actions that benefitted himself and other non-debtor entities owned or controlled by him to the detriment of the debtors.[15] The Complaint seeks damages of $841,170 – the amount "due to be paid to creditors" -- as a recovery by debtor of an asset which otherwise would have been available to

---

[13] Id., 23:16-21.

[14] Opposition, 11:23-24; see Complaint, 2:25 – 3:2.

[15] Complaint, 23:14-18.

the estate for distribution.[16] Because the Complaint contains sufficient facts to state a plausible claim for relief for breach of fiduciary duty and to establish Leslie's standing to assert such claim, Defendants' motion to dismiss Leslie's First Claim for Relief for lack of standing will be denied.

E. <u>Leslie's Third and Fourth Claims for Relief for Intentional Interference With Contractual Relations and Prospective Economic Advantage, Respectively, Will Be Dismissed With Leave to Amend</u>

Defendants argue that "[t]he Trustee's third and fourth claims for intentional interference with contractual relations and interference with prospective economic advantage, respectively, should be dismissed because they fail to allege any supporting facts for those two claims for relief."[17] To state a plausible claim for intentional interference with contractual relations, a plaintiff must plead facts that address the following elements: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. <u>Pacific Gas & Electric Co. v. Bear Stearns & Co.</u>, 50 Cal.3d 1118, 1126 (1990) (citations omitted).

In pleading his Third Claim for Relief, Leslie simply recites in the Complaint the elements of a cause of action for intentional interference with contractual relations with little supporting facts.[18] Leslie does not allege facts identifying a specific contract, the parties thereto, or the substance and date thereof. The Complaint states only that "there were valid contractual relationships that existed between the Debtors and multiple customers and consignees."[19] In his opposition, Leslie argues that such contracts and customers are sufficiently alleged in paragraph 71 of the Complaint, which refers to a "Consignment Agreement with FCC" and identifies an alleged overlap between customers and consignees of the debtors and Beaudry's non-debtor

---

[16] <u>Id.</u>, 23:19-24.

[17] Motion, 25:14-18.

[18] <u>See</u> Complaint, 25:15 – 26:3.

[19] <u>Id.</u> at 25:17-18.

entities.[20] These facts standing alone are insufficient to state a plausible claim for relief for alleged intentional interference with contractual relations. Defendants' motion on such ground will be granted, and Leslie's Third Claim for Relief will be dismissed with leave to amend.

To state a plausible claim for damages attributable to an intentional interference with a prospective economic advantage, a plaintiff must plead facts showing: (1) [a]n economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. Youst v. Longo, 43 Cal.3d 64, 71 n.6 (1987). Like his Fourth Claim for Relief, Leslie's Complaint fails to state sufficient factual matter to support the elements of the claim.[21] Leslie's Complaint does allege wrongful acts that disrupted debtors' economic relations, including improper diversion of corporate assets.[22] But the complaint does not state sufficient factual matter to support the allegation of an economic relationship between debtor and an identified third party; and the probability of future economic benefit stemming from such relations. Leslie again states in opposition that paragraph 71 is sufficient to provide the requisite facts. While paragraph 71 may contain sufficient facts to show an overlap in business between the debtors' and Beaudry's non-debtor entities, it fails to sufficiently allege the specific economic relationship at issue and and the specific economic advantage likely to result therefrom, but for the tortious acts of the Defendants. Accordingly, Defendants' motion is granted as to Leslie's Fourth Claim for Relief which is dismissed with leave to amend.

F. <u>Leslie's Seventh and Eighth Claims for Relief for Avoidance of Unauthorized Postpetition Transfers and Recovery and Preservation of Postpetition Transfers, Respectively, Will Be Dismissed Without Leave to Amend</u>

---

[20] Opposition, 13:1-13.

[21] See Complaint, 26:6-25.

[22] Id. at 26:12-17.

11

Defendants maintain that [t]he Trustee's seventh and eighth claims for relief should be dismissed because they are barred on the face of the Complaint by the two-year statute of limitations set forth in 11 U.S.C. § 549(d)(1)" and further, that "none of the post-petition transfers alleged in the Complaint was legally improper or unauthorized under the Plan confirmed by the Court."[23] Defendants point out that the target of Leslie's Complaint are postpetition transfers that occurred between late 2010 and early 2011 – more than two years before the filing of Leslie's Complaint on October 22, 2013. Leslie seeks to avoid, for example: (1) a $650,000 transfer that occurred "during late 2010 and early 2011;"[24] and (2) a series of transfers identified in debtors' monthly operating reports for the periods of November 2010 through March 2011 which were not filed with the court until August 16, 2011.[25]

In his opposition, Leslie correctly asserts that the statute of limitations may be tolled when the transfer is concealed.[26] Bankruptcy courts have applied equitable tolling to § 549(d)(1) if "(1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." In re Liberty Brands, LLC, 476 B.R. 443, 450 (Bankr. D. Del. 2012); see e.g., In re Dreiling, 233 B.R. 848, 878 (Bankr. D.Colo.1999)("In bankruptcy actions where a transaction is actively concealed by the debtor and/or the defendant, § 546(a)(1) and § 549(d)(1) are tolled until there is discovery of the fraud."); In re E-Tron Corp., 141 B.R. 49, 55 (Bankr. N.J. 1992) ("[T]he statute of limitations of section 549 can be equitably tolled where the postpetition transfers the trustee seeks to avoid have been concealed."). Leslie further asserts that "[b]ecause the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion,'" citing Supermail Cargo, Inc. v. United States, 68 F.3d

---

[23] Motion, at 26:27 – 27:19.

[24] Complaint 12:18-24.

[25] Id. at 13:19 – 15:19.

[26] Opposition, 14:14.

1204, 1206 (9th Cir. 1995) (citation omitted). However, the Ninth Circuit went on to state in Supermail that "[a] motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" Id. at 1206-07 (citation omitted).

Even if the equitable tolling doctrine applied, Leslie does not allege any factual basis to support an application of equitable tolling to the claims made the basis of his Complaint. In other words, there are no facts in Leslie's Complaint to support a plausible claim that discovery of the alleged concealed transfers either did not occur or could not reasonably have occurred until a point within the two-year statute of limitations because Leslie was actively mislead or prevented from asserting his rights. Rather, the complaint contains facts to the contrary. The Complaint alleges that Beaudry concealed the transfers by delaying the filing of the Debtors' monthly operating reports until as late as August 16, 2011.[27] Leslie admits that the subject transfers were disclosed in the operating reports and were a matter of public record as early as August 16, 2011. There are no facts in the Complaint demonstrating why the transfers could not have been discovered on or after August 16, 2011, in the exercise of ordinary diligence. Moreover, there appear to be no specific references in the Complaint to any transfers occurring after October 22, 2011, despite Leslie's response that the allegations under § 549 contained in the Complaint "focus in large part on Mr. Beaudry's conduct after the entry of the confirmation order on April 25, 2011."[28] Because the allegations in the Complaint read in a light most favorable to Leslie fail to state a plausible claim for relief under §§ 549 and 550 and the Complaint's deficiencies cannot be cured by amendment, Leslie's Seventh and Eighth Claims for Relief are dismissed without leave to amend.

## CONCLUSION

In sum, the Defendants' motion will be granted, in part, and denied, in part. Leslie fails to state a claim upon which relief can be granted with respect to the Second, Seventh and Eighth

---

[27] See Complaint 13:3-17.

[28] Opposition, 14:9-11.

Claims for Relief in his Complaint. Because it is clear that the Complaint's deficiencies as the Second, Seventh and Eighth Claims for Relief cannot be cured by amendment, Leslie's Second, Seventh and Eighth Claims for Relief are dismissed without leave to amend. Leslie's First, Third, Fourth Fifth, Sixth and Tenth Claims for Relief are dismissed for failure to state a claim upon which relief can be granted with leave to amend. Defendants' Motion is denied to the extent that it seeks dismissal of Leslie's First Claim for Relief based on lack of standing. The court declines to rule on Defendants' Motion to the extent that it seeks to strike Leslie's First, Third, Fourth Fifth, Sixth and Tenth Claims for Relief pursuant to California's anti-SLAPP statute pending Leslie's first amended complaint.

Leslie must file and serve a first amended complaint not later than May 2, 2014, to cure the deficiencies identified above. Defendants must file and serve a response to Leslie's first amended complaint not later than April 23, 2014. The status conference in this adversary proceeding will be continued to 1:30 p.m. on June 3, 2014. In the event that Defendant's response to Leslie's first amended complaint is a further motion under Rule 12(b), Defendants must file and serve the motion and notice of hearing so that it can be heard on regular notice at 1:30 p.m. on June 3, 2014.

A separate order will be entered consistent with this opinion.

###

Date: April 2, 2014

Peter H. Carroll
United States Bankruptcy Judge